UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:04-CR-041 |
| ) | |
| WILLIE J. DAVIS, III ) | |

### MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's May 26, 2020 *pro se* "Request for Reconstruction and Clarification." [Doc. 282]. The United States has responded in opposition to the motion. [Doc. 284]. The defendant has not replied within the time allowed by this Court's Local Rules, and his motion is now ripe for the Court's review. For the reasons stated below, the motion will be dismissed without prejudice.

### I. BACKGROUND

In August 2005, this Court sentenced the defendant to a net term of imprisonment of 240 months in this case, to be served consecutively to a 48-month revocation sentence in Docket No. 3:97-CR-064. In February 2009, the Court reduced the sentence in this case to 216 months, still to be served consecutively to the 48-month revocation sentence. The defendant is presently scheduled to be released from federal custody on February 4, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 1, 2020).

In April 2020, the defendant filed a *pro se* motion for early halfway house release pursuant to Section 12003 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). [Doc. 279]. That motion

thrice referenced the CARES Act but also alleged, "Under the *First Step Act* I'm elligable [sic] for a year halfway house placement[.]" [*Id.*] (emphasis added). The United States responded in opposition to the motion. [Doc. 280].

On April 15, 2020, the Court denied the defendant's request, explaining that,

> The CARES Act presently and temporarily provides for expanded prisoner home confinement. However, the CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). This Court therefore does not have power to grant relief under Section 12003 of the CARES Act.

[Doc. 281]. Additionally, because the defendant had also alluded to the First Step Act, which in material part modified 18 U.S.C. § 3582(c)(1)(A)(i), the Court addressed that statute as well.

> Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." Such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Nothing in the record indicates that the present defendant has exhausted his administrative remedies.
>
> Accordingly, while it sympathizes with the defendant's concerns, the Court lacks authority to consider the present motion. The motion [doc. 279] must therefore be **DENIED**.

[Doc. 281].

By his May "Request for Reconstruction and Clarification," the defendant asks the Court to now construe his earlier CARES Act motion "as a motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)." The defendant states that on "April 6,

2

2020[,] Mr. Davis submitted a request for relief for immediate release [elsewhere described as "an administrative request with the Warden"] due to our recent pandemic, via email. Warden . . . has failed to respond, within the 30-day window." The defendant further states that he "is not an attorney and misunderstood the distinction" between the CARES Act and § 3582.

For the reasons provided by the defendant, the Court will construe his May filing [doc. 282] as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). As explained below, however, that motion must be denied without prejudice.

## II. ANALYSIS

It remains a defendant's burden to show that he has exhausted his administrative remedies under § 3582(c)(1)(a)(i). *See United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020). According to the United States' response, the Bureau of Prisons has no record of receiving a compassionate release request from the instant defendant. The defendant has not filed a copy of that request to support his motions in this Court. As pointed out by the United States, the substance and subject of the "administrative request" email referenced by the defendant is wholly unproven and may likely have been a home confinement request under the CARES Act—a statute distinct from § 3582.

The Court appreciates that the defendant did not initially understand the difference between the CARES Act and § 3582. Nonetheless, § 3582(c)(1)(A)(i)'s exhaustion requirement "remains a mandatory condition." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). It is the defendant's responsibility to ask his warden to file a §

3

3582(c)(1)(A) motion on his behalf, and the defendant may not file a motion in this Court until after he has done so <u>and</u> not until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Because the defendant has not demonstrated his compliance with that exhaustion requirement, his compassionate release motion [doc. 282] must be and is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge