UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:04-CR-041 |
| ) | |
| WILLIE J. DAVIS, III ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's July 16, 2020 *pro se* "Traverse to Response in Opposition to Defendant's Motion for Compassionate Release" [doc. 286], which the Court construes as a second renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). That motion will be denied.

In August 2005, this Court sentenced the defendant to a net term of imprisonment of 240 months in this case, to be served consecutively to a 48-month revocation sentence in Docket No. 3:97-CR-064. In February 2009, the Court reduced the sentence in this case to 216 months, still to be served consecutively to the 48-month revocation sentence. The defendant is presently scheduled to be released from federal custody on February 4, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 16, 2020).

In April 2020, the defendant filed a *pro se* motion for early halfway house release pursuant to Section 12003 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). [Doc. 279]. That motion thrice referenced the CARES Act but also alleged, "Under the *First Step Act* I'm elligable [sic] for a year halfway house placement[.]" [*Id.*] (emphasis added). The United States

responded in opposition. [Doc. 280]. On April 15, 2020, the Court denied the motion, explaining that courts: (1) do not have authority to grant home confinement under the CARES Act; and (2) do not have authority to consider a § 3852(c)(1)(A)(i) motion until the movant demonstrates that he has exhausted the administrative remedies specified in that statute, which the instant defendant has not done. [Doc. 281].

On May 26, 2020, the defendant filed a *pro se* "Request for Reconstruction and Clarification," asking the Court to construe his earlier CARES Act motion "as a motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)." [Doc. 282]. The Court denied that motion, explaining again that the defendant had not documented his exhaustion of administrative remedies as required by § 3582. [Doc. 283]. The Court also again clarified that a prisoner's request for home confinement under the CARES Act and a prisoner's request for compassionate release under § 3582 are not the same thing. [*Id.*].

In his second renewed motion for compassionate release, the defendant proclaims that "[b]ecause Mr. Davis misunderstood the distinction among the Cares Act versus Compassionate Release, his March 22, 2020 filing to the Warden . . . is sufficient and may be liberally construed as satisfying 3582(c)(1)(A)'s exhaustion requirement." [Doc. 286]. The defendant is incorrect.

Again, the exhaustion requirement specified in § 3582(c)(1)(A)(i) "remains a mandatory condition" in this circuit. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). It is the defendant's responsibility to ask his warden to file a § 3582(c)(1)(A) motion on his behalf, and the defendant may not file a motion in this Court until after he has done so <u>and</u> not until "after the defendant has fully exhausted all administrative rights to appeal

2

a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Because the defendant has not demonstrated his compliance with that exhaustion requirement, his second renewed compassionate release motion [doc. 286] is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

                                           ENTER:

                                                      s/ Leon Jordan
                                           United States District Judge